107 F.3d 2
 1997-1 Trade Cases P 71,710
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Christopher AMBROZE, M.D., P.C., Rockville Anesthesia Group,
LLp, Plaintiffs,
Harvey FINKELSTEIN, Plainview Anesthesiologists, P.C.,
Joseph A. Singer, Atlantic Anesthesia Associates,
P.C., Plaintiffs-Appellants,
v.
AETNA HEALTH PLANS OF NEW YORK, INC., Aetna Health
Management, Inc., Aetna Life and Casualty Company,
C. Frederick Berger, and Gregg
Stolzberg, Defendants-Appellees.
 No. 96-7778.
 United States Court of Appeals, Second Circuit.
 Jan. 24, 1997.
 
 APPEARING FOR APPELLANTS: Whitney North Seymour, Jr., (Landy & Seymour, New York, NY)
 APPEARING FOR APPELLEES:William J. O'Shaughnessy (Harvey C. Kaish, McCarter & English, New York, NY, of counsel)
 Present GRAAFEILAND, LEVAL, CABRANES, Circuit Judge.
 
 
 1
 In addition to raising certain state law claims, the plaintiffs in this case have alleged that the defendants engaged in a "contract, combination ... or conspiracy in restraint of trade or commerce" as proscribed by § 1 of the Sherman Act, 15 U.S.C. § 1. The district court on May 28, 1996, granted the defendants' motion to dismiss for failure to state an actionable claim. See FED. R. CIV. P. 12(b)(6). The court did not afford plaintiffs an opportunity to replead. On appeal, the plaintiffs have substantially changed the theory, or, in any event, the emphasis of their complaint. They now argue that the defendants conspired with several hospitals to boycott the plaintiffs' practice at those hospitals. It is not clear whether that theory is to be found in the complaint as originally stated. It is certainly not emphasized and was not discussed in the district court's opinion finding of a failure to state an actionable claim.
 
 
 2
 In our view, plaintiffs should be permitted to replead. See 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 1489, at 698 & n. 16 (collecting cases for proposition that appellate courts may remand to permit amendment of pleadings). Accordingly, we vacate and remand the cause with the instruction that the plaintiffs be afforded the opportunity to replead.